FILED

JUN 15 2015

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>CORWIN DALLAS FOUR STAR, JR.,<br><br>Defendant/Movant. | Cause No. CR 13-25-GF-DLC<br>CV 15-20-GF-DLC<br><br><br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

This case comes before the Court on Defendant/Movant Four Star's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Four Star is a federal prisoner proceeding *pro se*.

**I. Preliminary Screening**

The motion is subject to preliminary review to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) (*"Nicolas"*) (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). "[I]t is the duty of the court to screen out frivolous applications and eliminate the burden that would be

1

placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

Four Star was indicted on one count of aggravated sexual abuse, a violation of 18 U.S.C. § 2241(a)(1) ("Count 1"), and one count of sexual abuse, a violation of 18 U.S.C. § 2242(2)(B) ("Count 2"). Both counts involved the same incident; Count 1 alleged that Four Star used force, and Count 2 alleged the victim, K.E.,[1] was physically incapacitated. The incident was alleged to have occurred on or about March 4, 2012, on the Fort Peck Indian Reservation. Jurisdiction was predicated on the Major Crimes Act, 18 U.S.C. § 1153(a). Indictment (Doc. 1) at 2-3. Assistant Federal Defender R. Hank Branom was appointed to represent Four Star. Order (Doc. 7). Chief Federal Defender Tony Gallagher also appeared, at a later date, as co-counsel. Notice of Appearance (Doc. 22).

On April 19, 2013, Four Star, acting *pro se* despite his representation by appointed counsel, filed a combined motion to dismiss, to suppress, and in limine. He cited cases discussing pre-indictment delay, alleged a violation of his rights under *Miranda v. Arizona*, 384 U.S. 436, 467-68 (1966), and recited a definition of a motion in limine. He was advised the Court would not entertain *pro se* motions

---

[1] K.E. was about 32 years old at the time of the offense. Her initials are used to protect her privacy.

2

while Four Star was represented by counsel. *See* Ex Parte Mot. (Doc. 16) at 1-2; Ex Parte Order (Doc. 17) at 1-2.

On May 6, 2013, the United States filed notice of its intent to present witness testimony at trial regarding previous occasions on which Four Star sexually abused a three-year-old cousin and an eight-year-old cousin. *See* Notice (Doc. 18); Fed. R. Evid. 413. It also filed notice of its intent to call an expert witness who would testify that DNA found in rectal and vaginal swabs taken from the victim was, to a reasonable degree of scientific certainty, Four Star's DNA. Notice (Doc. 20) at 3.

On May 14, 2013, the Court appointed a guardian ad litem to represent the three minor children, ages 5, 5, and 10, whom the United States intended to call under Fed. R. Evid. 413. Order (Doc. 21). On May 16, 2013, the guardian ad litem moved to continue the trial set for May 21, 2013. Mot. to Continue (Doc. 27). The motion was granted, trial was rescheduled for June 18, 2013, and a hearing on the admissibility of the Rule 413 evidence was set for June 10, 2013. Order (Doc. 29-1)[2] at 3-4 ¶¶ 1-2.

The next day, May 17, 2013, Four Star filed a motion to change his plea to guilty on Count 2 only. An offer of proof and plea agreement were filed a few days

---

[2] Two documents are filed with the docket entry for May 16, 2013 (Doc. 29). On the face of the docket, one document is Doc. 29, and the other is Doc. 29-1. The docket text states that Doc. 29-1 was added as an attachment. But when opened, the CM-ECF header identifies both documents as Doc. 29-1. The documents are identical.

later. On June 10, 2013, Four Star pled guilty to Count 2 in open court. Minutes (Doc. 35).

A presentence report was prepared. The United States recommended a sentence of 135 months, Gov't Mem. (Doc. 41) at 5, and the defense sought a sentence of 70 months, Def. Mem. (Doc. 40) at 5. After hearing testimony, the Court found that Four Star did not choke the victim but did use force. Under the advisory sentencing guidelines, the base offense level was 30. Four Star received a four-level upward adjustment for use of force and a three-level downward adjustment for acceptance of responsibility. The total offense level was 31. The criminal history category was I. The advisory guideline range was 108 to 135 months. Presentence Report ¶¶ 26-36, 39-40, 92. Four Star was sentenced to serve 120 months in prison, to be followed by a ten-year term of supervised release. Minutes (Doc. 48); Judgment (Doc. 49) at 2-3.

Four Star appealed the sentence. The Court of Appeals affirmed. *See United States v. Four Star*, No. 13-30271 (9th Cir. Dec. 12, 2014) (mem. disp.) (Doc. 62). Four Star's conviction became final on March 12, 2015. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 653-54 (2012).

Four Star timely filed his § 2255 motion on February 11, 2015. 28 U.S.C. § 2255(f)(1); Mot. § 2255 (Doc. 64) at 15; *Houston v. Lack*, 487 U.S. 266, 270-71 (1988).

## III. Claims and Analysis

Four Star claims counsel was ineffective in several respects. *Strickland v. Washington*, 466 U.S. 668 (1984), governs such claims. At this stage of the proceedings, Four Star must allege facts sufficient to support an inference that counsel's performance fell below an objective standard of reasonableness. *Id.* at 687-88. He must also allege facts sufficient to support an inference that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In the specific context of a guilty plea, Four Star must allege facts sufficient to support an inference that, but for counsel's errors, there is a reasonable probability he would not have pleaded guilty and would have gone to trial. *Hill v. Lockhart*, 474 U.S. 52, 59-60 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "[T]here is no reason for a court deciding an ineffective assistance claim . . . even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

### A. Grand Jury

Four Star contends the United States has a "policy, pattern, or practice of removing elements of Four Star's charged offenses under 18 U.S.C. §§ 1153(a) and 2241(a) et seq., for the grand jury to find probable cause." At the time of trial, he claims, the prosecution includes the "missing elements" in its proposed jury

5

instructions "via 'definition' of elements" so that it does not have to prove facts supporting those definitions or elements to the petit jury beyond reasonable doubt. Four Star contends that, "absent these facts," he would not have pled guilty and would have gone to trial. Mot. § 2255 (Doc. 64) at 4-5.

The grand jury endorsed the Indictment. Indictment (Doc. 1) at 3. The Indictment set forth each element of each charge. *Compare* Indictment (Doc. 1) at 2 ("Count 1") *with* 18 U.S.C. §§ 1153(a), 2241(a)(1); Indictment at 2 ("Count 2") *with* 18 U.S.C. §§ 1153(a), 2242(2)(B). The proposed jury instructions set forth each element of each charge. Joint Proposed Jury Instrs. Nos. 35, 39 (Doc. 25 at 40, 44). Four Star pled guilty to each element of Count 2. Plea Agreement (Doc. 32) at 2 ¶ 4; Change of Plea Tr. (Doc. 56) at 26:3-20, 27:8-11, 27:23-29:22. No element went missing at any point.

To the extent Four Star alleges counsel provided ineffective assistance "[o]n or about September 26, 2013," he suggests counsel's error occurred at sentencing. Both at sentencing and on direct appeal, Four Star claimed that the Court violated the rules of *Alleyne v. United States*, __ U.S. __, 133 S. Ct. 2151, 2155 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), by finding that Four Star used force in committing the crime. But the *Alleyne* Court pointed out that "Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury." *Alleyne*, 133 S. Ct. at 2163. "Only facts that increase mandatory

minimum sentences," *id.*, and "facts that increase the prescribed range of penalties to which a criminal defendant is exposed," *Apprendi*, 530 U.S. at 490, must be admitted by the defendant or proved to a jury beyond reasonable doubt, *United States v. Booker*, 543 U.S. 220, 244 (2005). Regardless of whether he did or did not use force against the victim, Four Star faced no mandatory minimum sentence, and the maximum sentence was life in prison. Nothing counsel did or failed to do could have altered the scope of permissible judicial factfinding at sentencing. 18 U.S.C. § 2242; Mem. Disp. (Doc. 62) at 2, *Four Star*, No. 13-30271 (citing *United States v. Vallejos*, 742 F.3d 902, 906-07 (9th Cir. 2014)); *see also* Sentencing Tr. (Doc. 57) at 10:7-16:13, 42:19-44:24.

This claim is denied.

**B. Speedy Trial and Superseding Indictment**

Four Star alleges that "[o]n or about May 8, 2013," counsel failed to object on speedy trial grounds when "the government used the extra time merely to enhance the charges against Four Star ex post facto to the principal indictment of sexual intercourse without consent on or about March 7, 2013," in this case. Mot. § 2255 at 6-7.

The charges were not enhanced. Four Star pled guilty to Count 2 of the first and only Indictment. Four Star was not charged in this Court with sexual intercourse without consent but with sexual abuse and aggravated sexual abuse.

7

Sexual intercourse without consent is a crime defined by Montana law, *see* Mont. Code Ann. § 45-5-503 (2011), but Four Star, who is an Indian person, *see* Change of Plea Tr. at 28:19-29:10, could not have been charged in state court or under state law with committing a crime on the Fort Peck Reservation, 18 U.S.C. § 1153(a). The Indictment was interlineated on March 12, 2013, to correct a typographical error in the date. *See* Interlineated Indictment (Doc. 1-1) at 2 (amending "2013" to read "2012"). No one actually thought the crime occurred four days before the grand jury indicted Four Star. *See, e.g.*, Presentence Report ¶¶ 9-19. There is no reason to suspect the passage of one year between the incident and Four Star's indictment caused Four Star "actual, non-speculative prejudice" sufficient to violate the Fifth Amendment's due process clause. *See United States v. Sherlock*, 962 F.2d 1349, 1353-54 (9th Cir. 1992). Four Star was arrested by federal authorities two days after his indictment. Indictment (Doc. 1); Warrant Return (Doc. 8). The schedule complied with the Speedy Trial Act. 18 U.S.C. § 3161(c)(1), (h)(7); Scheduling Order (Doc. 15); Order (Doc. 29-1) at 2-3.

This claim is denied.

**C. Diminished Capacity**

Four Star claims "adequate investigation would have revealed that Four Star suffers a lifelong condition of a diminished capacity" and alleges that counsel told him "the financial onus was on him to obtain a mental health evaluation for

defense purposes." Mot. § 2255 at 9. He also claims his diminished capacity led him to give the FBI samples of his DNA and that he would not have done so were it not for his mental deficits and lack of *Miranda* warning. Four Star Aff. (Doc. 64-1) at 2 ¶ 3(b), 4 ¶ 5.

There is no reason to suspect that Four Star suffered from mental deficits that interfered with his ability to understand his own legal position and the evidence for and against him or to assist in his defense or that could have excused or reduced the culpability of his conduct. *See, e.g.*, 18 U.S.C. § 17(a); *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam); *United States v. Twine*, 853 F.2d 676 (9th Cir. 1988). Four Star wrote a coherent, though legally flawed, *pro se* motion to the Court. *See Pro Se* Mot. (Doc. 16) at 1-3. United States Magistrate Judge Keith Strong observed Four Star at arraignment and at the change of plea hearing and detected no sign of incomprehension or confusion. *See, e.g.*, Change of Plea Tr. at 3:9-23, 4:20-7:25, 29:23-31:1. The presentence report indicated that Four Star was not well-educated but suggested no reason to believe he could not learn or understand things. Presentence Report ¶¶ 58-80. This Court observed him at sentencing. He acknowledged that he read the presentence report and discussed it with counsel, and he made a reasonable decision not to say anything beyond accepting responsibility for the crime. Sentencing Tr. (Doc. 57) at 6:11-17, 47:24-48:8. There simply was no indication of diminished capacity.

Where there is no indication of need for an evaluation, the financial onus is indeed on an indigent defendant to obtain a mental health evaluation. *Ake v. Oklahoma*, 470 U.S. 68, 74 (1985).

This claim is denied.

**D. Claims Against Law Enforcement**

Four Star claims he was prejudiced by a poor federal investigation, an allegedly illegal agreement of some unspecified nature between state and tribal authorities, and a long-ago policy decision allegedly lowering the evidentiary threshold for federal investigation and prosecution of crimes committed on the Fort Peck Reservation. Mot. § 2255 at 9 ("Ground Three"), 10 ¶ 2; Four Star Aff. at 1-2 ¶¶ 1-3(d), 3 ¶ 4.

Four Star does not allege facts sufficient to support an inference of prejudice. Investigators' duty to conduct thorough investigations cannot be legally enforced by the persons investigated. The evidentiary threshold for federal prosecution is met when a grand jury finds probable cause to believe the defendant committed a federal crime; no law enforcement agreement can change that. This claim is denied.

**E. Other Alleged Failures of Counsel**

Four Star claims counsel should have objected to the plea agreement's waiver of appeal, to the prosecution's "attachment" of "a 3-point sentence

Where there is no indication of need for an evaluation, the financial onus is indeed on an indigent defendant to obtain a mental health evaluation. *Ake v. Oklahoma*, 470 U.S. 68, 74 (1985).

This claim is denied.

**D. Claims Against Law Enforcement**

Four Star claims he was prejudiced by a poor federal investigation, an allegedly illegal agreement of some unspecified nature between state and tribal authorities, and a long-ago policy decision allegedly lowering the evidentiary threshold for federal investigation and prosecution of crimes committed on the Fort Peck Reservation. Mot. § 2255 at 9 ("Ground Three"), 10 ¶ 2; Four Star Aff. at 1-2 ¶¶ 1-3(d), 3 ¶ 4.

Four Star does not allege facts sufficient to support an inference of prejudice. Investigators' duty to conduct thorough investigations cannot be legally enforced by the persons investigated. The evidentiary threshold for federal prosecution is met when a grand jury finds probable cause to believe the defendant committed a federal crime; no law enforcement agreement can change that. This claim is denied.

**E. Other Alleged Failures of Counsel**

Four Star claims counsel should have objected to the plea agreement's waiver of appeal, to the prosecution's "attachment" of "a 3-point sentence

enhancement ex post facto to my 14-day deadline to withdraw my plea agreement," to the prosecution's administration of a polygraph examination, to the notion that the United States would "issue warrants for the arrest and detention" of the victim if she did not agree to testify at trial, to the prosecution's failure to prove subject-matter jurisdiction, and to Four Star's burglary conviction in state court. *See generally* Mot. § 2255 at 10 ¶ 3; Four Star Aff. at 1-4 ¶¶ 1-6.

These allegations are specious. Other than the United States' duly-fulfilled promise to seek a three-point reduction for acceptance of responsibility, *see* Plea Agreement (Doc. 32) at 8 ¶ 8; Presentence Report ¶¶ 33-34, the plea agreement left each party free to make whatever arguments it saw fit at sentencing. The United States gave no indication it intended to use any statement by Four Star against him. *See* Offer of Proof (Doc. 31) at 3-4; Change of Plea Tr. at 27:4-29:22; Presentence Report ¶¶ 9-19. Attorney General Holder stated only that he would not pursue plea agreements' waivers of the right to claim ineffective assistance of counsel. He did not say he would not pursue plea agreements' waivers of appeal. Four Star's plea agreement did not waive the right to claim ineffective assistance of counsel; indeed, here he is right now, claiming it. Plea Agreement at 9-10 ¶ 10. It is not surprising that the United States might issue a subpoena or even a material-witness warrant to ensure a witness's attendance at trial. Subject-matter jurisdiction was proved. Four Star's counsel in this case could not appeal his state conviction, and,

11

at any rate, the one criminal history point that Four Star received for the burglary conviction left his criminal history category at I, so he was not prejudiced.

All these claims are denied.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

None of Four Star's claims meets even the relatively low threshold for issuance of a COA. All are based on misunderstanding or misrepresentation of what occurred or was relevant in the case. No reasonable jurist would encourage further proceedings. A COA is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Four Star's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 64) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Four Star files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 15-20-GF-DLC are terminated and shall close the civil file by entering judgment in favor of the United States and against Four Star.

DATED this 12th day of June, 2015.

Dana L. Christensen, Chief Judge
United States District Court